**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD ANDREW WHITE,<br><br>          Plaintiff,<br><br>     v.<br><br>E. MOLINA, et al.,<br><br>          Defendants. | Case No. 1:13-cv-02048 DLB PC<br><br>SECOND SCREENING ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER § 1983<br><br>ORDER DISMISSING MOTION FOR INJUNCTIVE RELIEF<br>[ECF No. 12] |

     Plaintiff Bernard Andrew White ("Plaintiff") is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983.

     On October 8, 2013, Plaintiff filed a civil rights complaint in the Kings County Superior Court. Plaintiff names Correctional Sergeant E. Molina and Warden Connie Gibson as Defendants. On December 13, 2013, Defendants filed a notice of removal from the Kings County Superior Court. Plaintiff is not proceeding in forma pauperis as Defendants have paid the filing fee.[1] On December 2, 2014, the Court screened the complaint and dismissed it with leave to amend for failure to state a claim for relief. On December 29, 2014, Plaintiff filed a First Amended Complaint. He also filed a motion for injunctive relief.

---

[1] The Court notes that Plaintiff is a three-striker under 28 U.S.C. § 1915(g). See White v. United States Eastern District, Case No. 1:12-cv-01623-LJO-SKO-PC. Nevertheless, Defendants have paid the filing fee.

1

**A.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

B. **SUMMARY OF PLAINTIFF'S ALLEGATIONS**

Like the original complaint, Plaintiff's First Amended Complaint is mostly vague and incomprehensible. Plaintiff is currently housed at Corcoran State Prison. Plaintiff appears to be complaining about his housing assignment and/or custody status. From the little the Court can discern, it appears that Plaintiff may have been placed in segregated SHU confinement on November 24, 2008. It also appears that Plaintiff may have been housed with a protective custody prisoner or a prisoner who had requested to be housed on the Sensitive Needs Yard ("SNY"). As a result, Plaintiff appears to be complaining that he became associated with other protective custody inmates, and this in turn caused problems for Plaintiff.

Plaintiff seeks relief in the amount of $100.00 or $200.00 for each day he was forced to be within segregated confinement. He also seeks $100,000.00 in punitive damages. He further requests injunctive relief so as to be given single-cell status and housed at either the reception center facility, or federal prison.

C. **DISCUSSION**

1. Linkage

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77, 129 S.Ct. 1937, 1948-49 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and there must exist some causal connection between the conduct of each named defendant and the violation at issue. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 2101 (2012).

In this case, Plaintiff fails to link any of the named Defendants to any improper conduct. "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013) (internal

3

quotation marks and citation omitted).  Thus, Plaintiff fails to state a claim against any named Defendant.

### 2. Due Process – Classification

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law.  Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221.  Liberty interests may arise from the Due Process Clause or from state law.  Id.  The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.  Wilkinson, 545 U.S. at 221(citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Nevertheless, prisoners do not have a constitutional right to a particular classification status, Moody v. Daggett, 429 U.S. 78, 88 n.9, 97 S.Ct. 274 (1976), or to be incarcerated at a particular correctional facility, Meachum v. Fano, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976).  Plaintiff has alleged no facts that implicate constitutional concerns regarding his classification status.

### 3. Due Process – Administrative Segregation

With respect to placement in administrative segregation, due process requires only that prison officials hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons for considering segregation, and allow the prisoner to present his views.  Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986) (quotation marks omitted), *abrogated in part on other grounds*, Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293 (1995); accord Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003). Prisoners are not entitled to detailed written notice of charges, representation by counsel or counsel

substitute, an opportunity to present witnesses, or a written decision describing the reasons for placing the prisoner in administrative segregation. Toussaint, 801 F.2d at 1100-01 (quotation marks omitted). Further, due process does not require disclosure of the identity of any person providing information leading to the placement of a prisoner in administrative segregation. Id. (quotation marks omitted).

With respect to retention in administrative segregation, prison officials must engage in some sort of periodic review of the confinement of such inmates. Id. (quotation marks omitted). Annual reviews do not sufficiently protect the prisoner's liberty interest. Id. Here, Plaintiff fails to allege any violation of his constitutional rights due to placement in administrative segregation.

### D. CONCLUSION AND ORDER

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. Plaintiff was previously provided with leave to amend and based on the nature of the deficiencies, further leave to amend is not warranted. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez, 203 F.3d at 1130. Accordingly, it is HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, for failure to state a claim under section 1983;

2. The Clerk's Office shall enter judgment;

3. Plaintiff's outstanding motion for injunctive relief is DISMISSED as moot; and

4. The dismissal of this action qualifies as a strike under 28 U.S.C. § 1915(g). Silva v. Di Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: **March 20, 2015**               /s/ *Dennis L. Beck*
                              UNITED STATES MAGISTRATE JUDGE